IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

NORTHERN DISTRICT, JULY TERM 1837.

## Avery *against* Street.

A transaction may be actually tainted with and yet display no such badge of fraud as requires its condemnation by the court, as a matter of law; and in such case, it is referable to the jury as matter of fact, for their determination.

ERROR to the common pleas of *Susquehanna* county.

This was an action of trespass by David R. Street against Charles Avery, for taking, carrying away and selling his property. The plaintiff having proved his cause of action as laid in his declaration, the defendant justified the taking, and gave in evidence, that he was the sheriff of the county, and had in his hands an execution at the suit of Ebenezer Sprout *v.* John Street, for 5 dollars debt and 91 dollars costs. The substance of the evidence was, that John Street, the defendant in the execution, being the owner of a farm, leased the same to his son, David R. Street, the plaintiff, in 1833, for five years, the lessor reserving a house on the premises to live in, at the annual rent of 60 dollars. The property levied and sold by the defendant in this suit, was the produce of this farm, raised upon it during the continuance of the lease referred to. The defendant alleged, that the lease between the father and son was fraudulent, and that the whole transaction was but a contrivance to elude

[Avery v. Street.]

the claims of the creditors of the father, and particularly the claim of Ebenezer Sprout, on whose execution the property was sold. A great deal of evidence was given by both parties, on this subject. The defendant's counsel submitted eleven points to the court, each of which embodied some one or more facts relative to the conduct of the parties, evincive of fraud, and requested the court to charge the jury that if they believed them, the plaintiff could not recover.

The court (Herrich, president) answered the points, and charged the jury, that there was nothing in the conduct of the father and the son, or either of them, as proved, which would authorize them to charge the jury that they amounted to a legal fraud, but the facts were all submitted to them for their determination; and if they believed that the transaction was fraudulent, for the purpose of eluding the claims of creditors, the plaintiff could not recover.

*Dimmock* and *Greenough*, for plaintiff in error, cited 2 *Penns. Rep.* 82; 1 *Rawle* 163.

*Jessup* and *Williston*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The chattels sold to the lessee prior to, or at the time of the lease, are not involved in the trespass complained of, which was done to the subsequent produce of the farm; and the direction prayed in respect to retention of possession of them, was impertinent to the issue. Had it been unfavourable to the defendant, therefore, it would not have been assignable for error. The true foundation of the defence was the imputed fraudulency of the lease; for if fair, it gave the produce to the lessee, and if destitute of a fraudulent badge, it cannot be a subject of exception to the action of the court.

That a transaction may be actually tainted and yet display no badge, is indicated by the common law maxim that fraud must be proved, not presumed; and it would seem, that previous to 13 and 27 Eliz., questions of fraud were always for the jury: consequently it may still happen that a conveyance shall be infected with actual fraud, and yet be, as to the indices of proof, within the purview of neither of them. As remarked by an eloquent writer, these statutes produce their most beneficial effects by placing parties under a disability to commit fraud, in requiring for the characteristics of an honest act such circumstances as none but an honest intention can assume; and they seem to have been expressed in general terms purposely to leave room for a large interpretation by the judges who, in accordance with the spirit rather than the words, have engrafted on them such artificial presumptions and legal intendments as are ordinarily subjects of judicial construction. Such appears to be the interpretation put on them in Burrel's Case, 6 *Rep.* 72, *b*, and Beverly *v.* Gatacre, 1 *Roll. Rep.* 305. In fact,

[Avery v. Street.]

they act exclusively by presumptions, not always inflexible, indeed, but sometimes amounting to legal conclusions.

Appertaining to conveyances of chattels, the features of fraud were depicted in Twyne's Case, decided on 13 Eliz., ten years after its enactment, and reported with slight variations in 3 *Rep.* 80 and *Moore* 638, but without distinguishing betwixt such as create legal presumptions and cast the burthen of proof on the other side, and such as : re to be left for what they are worth to a jury. Thus, the generality of the gift in that case; the antedating of the deed, with direction to the attorney to take special pains to prevent it from being frustrated; the sealing of it in the absence of the donee; the recital that it was made honestly; the agreement to keep it secret; the custody of it by the donor's brother; the assessment of the goods by the donor, as his own; and the extent levied of them, as the donor's property by the donee, were, separately, circumstances of strong suspicion, and aggregately of convincing proof, that the transaction was colourable, but still no more than evidence of actual fraud, and not distinctive tests, entitled to an artificial force to be graduated by the court; at least I have seen no case in which they have been so applied. But other badges were indicated, which have since been circumstances of legal, instead of common presumption. Pendency of an action at the time of the conveyance, or retention of possession after it, has always created an inference of fraud to induce the necessity of explanation.

In respect to the first, there was no direction prayed for or given; nor is the subject comprised in the assignment of error. It is insisted, however, that the lease is fraudulent against creditors for retention of possession; but nothing appears on the face of it, or in the circumstances, to raise an inference of retention. The mansion, with certain privileges of pasturage, fodder and stabling for cows, sheep and swine, was reserved; and the residence of the lessor on a part of the premises thus excepted, is accounted for as well in consistency with local usages, as with the terms of the lease, while the interference of his family, if the evidence be true, is proved to have been in the capacity of labourers and agents, and if untrue, the matter was for the jury. It is well established that, where land is conveyed, want of correspondent possession is less evincive of fraud than where a chattel is sold, because the title to the former is evidenced by possession, not of the thing, but of the title deeds which, like manual occupation in the case of a chattel, is the criterion. But the court explicitly charged that concurrent possession would avoid the transfer; and the defendant has no room for complaint on that head. As to the secreting of property not involved in the trespass, and the lessor's acts of ownership acquiesced in by the lessee, these, though powerful evidence that the whole was a contrivance to elude this particular creditor, were certainly not badges to raise a legal presumption under the statute.

Judgment affirmed.